IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| Morgan Jackson, as next friend for G.H., a minor | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MV Transportation, Inc. of California, Unknown MV Transportation Employee, and Greater Peoria Mass Transit District, | ) ) ) |
| | ) |
| Defendants. | ) |

**COMPLAINT**

Plaintiff Morgan Jackson, as next friend of G.H., a minor, by and through her attorneys, complaining of Defendants MV Transportation, Inc. of California, Unknown MV Transportation Employee, and Greater Peoria Mass Transit District, and states the following:

**INTRODUCTION**

**1.** G.H. is a fifteen year old special needs child. During the summer, G.H. attends programs put on by the Heart of Illinois Special Recreation Association in Peoria, Illinois.

**2.** In order to the camp and home after his program is done for the day, G.H. often rides the CityLift bus system.

**3.** On June 4, 2019, Plaintiff had arraigned for CityLift to pick up G.H. and transport him to the camp. Instead of ensuring the safety of the child and dropping him off at the correct location, the CityLift driver abandoned G.H. at a church in Peoria. G.H. was alone for nearly two hours until he was able to contact his mother to get picked up.

4. Plaintiff brings this lawsuit to hold Defendants responsible for putting the health and safety of G.H. and other special needs children at risk.

## JURISDICTION AND VENUE

5. This action arises under the laws of the United States, specifically the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131(A)-(B). This action also arises under the laws of the State of Illinois.

6. The jurisdiction of this Court is invoked under the provisions of Title 28 of the United States Code, Sections 1331 and 1343.

7. Further, since Defendant MV Transportation, Inc. of California is a corporation organized under the laws of a different state, there is diversity of the parties sufficient to invoke Title 28 of the United States Code, Section 1332.

8. Plaintiff also invokes the supplemental jurisdiction of this Court pursuant to Title 28 of the United States Code, Section 1367.

9. Venue is proper in the United States District Court of the Central District of Illinois, Peoria division, under Title 28 of the United States Code, Section 1391(b)(2) as the events complained of occurred within this district.

## PARTIES

10. Plaintiff Morgan Jackson is the mother and legal guardian of G.H. and brings this lawsuit as his next friend. During all relevant times, Plaintiff was a resident of the City of Peoria, Illinois.

11. G.H. is a minor and was 15 years old on June 4, 2019. G.H. is a special needs child.

**12.** Defendant Unknown MV Transportation Employee was, during all times relevant, employed by MV Transportation, Inc. of California. This currently unknown defendant was the driver of the CityLift vehicle on June 4, 2019. This individual was acting within the scope of his agency, service, and/or employment with MV Transportation, Inc. of California during the relevant time.

**13.** Defendant MV Transportation, Inc. of California was, during all relevant times, a duly authorized common carrier in the State of Illinois for the transportation of passengers. Defendant MV Transportation was a California corporation with its headquarters in Texas, doing business in and throughout Illinois. During the relevant time, Defendant MV Transportation employed Defendant Unknown MV Transportation Employee as a driver for vehicles assigned to the CityLift program.

**14.** Defendant Greater Peoria Mass Transit, aka CityLink, is a mass transit district based in Peoria, Illinois, operating and doing business under the laws of Illinois.

## FACTS

**15.** Defendant Greater Peoria is a mass transit district that is responsible for transportation throughout numerous municipalities in the Peoria area.

**16.** One of the programs operated by Defendant Greater Peoria is CityLift. The CityLift program is a paratransit service for individuals who have disabilities and need transportation throughout the Greater Peoria area. It is specifically designed to assist "those individuals who do not have the functional capability to use the fixed-route system."

**17.** Defendant Greater Peoria contracted the operation of the CityLift vehicles to Defendant MV Transportation.

18. On June 4, 2019, Plaintiff arraigned for G.H. to be transported to his summer camp by the CityLift service. The CityLift driver was to pick G.H. up at his home, transport him to camp, and ensure he was safely in the care of the summer camp employees.

19. Prior to June 4, 2019, Defendant MV Transportation hired Defendant Unknown MV Transportation Employee to be a driver of its vehicles. Specifically, Defendant Unknown MV Transportation Employee was permitted to operate the CityLift bus.

20. One of the conditions of the CityLift program was that the driver of the vehicle transporting G.H. would release G.H. only to employees of the summer camp to ensure the safety of the child.

21. At approximately 7:30 AM, Defendant Unknown MV Transportation Employee picked G.H. up in the CityLift vehicle at Plaintiff's home.

22. Defendant Unknown MV Transportation Employee did not transport G.H. to his summer camp. Instead, Defendant Unknown MV Transportation Employee drove to the Living Waters Church at 7229 North Knoxville Avenue in Peoria, Illinois.

23. G.H.'s summer camp was not located at Living Waters. Defendant Unknown MV Transportation Employee did not have authority to transport G.H. to Living Waters.

24. Defendant Unknown MV Transportation Employee then abandoned G.H. at Living Waters Church and drove away.

25. Living Waters Church was not opened at the time Defendant Unknown MV Transportation Employee abandoned G.H. at that location.

26. G.H. waited for other children to arrive.

27. G.H. sat outside Living Waters Church for approximately two hours. At that point, G.H. called Plaintiff and asked where the other children were.

28. Plaintiff was shocked and terrified that G.H. was not at the camp program.

**29.** Luckily, Living Waters is located in Peoria and Plaintiff knew where G.H. was at and was able to leave work to pick up her child.

**30.** Plaintiff called CityLift and complained about the conduct of Defendant Unknown MV Transportation Employee.

**31.** Specifically, Plaintiff informed CityLift that Defendant Unknown MV Transportation Employee had not safely transported G.H. to the proper location and, instead, had abandoned G.H. somewhere he was not supposed to be taken to.

## CLAIMS

### Count I – Violation of the American with Disabilities Act
### Defendants MV Transportation and Greater Peoria

**32.** Plaintiff incorporates all paragraphs of this Complaint as though fully set forth herein.

**33.** G.H. is a disabled individual under the ADA. Specifically, G.H. is a special needs child with a mental impairment that substantially limits one or more major life activities.

**34.** Under the ADA, Defendants MV Transportation and Greater Peoria were required to provide a paratransit and other special transportation service to individuals with disabilities. These services must be sufficient to provide such individuals a level of service (1) which is comparable to the level of designated public transportation services provided to individuals without disabilities using such system.

**35.** Defendants failed to provide such a paratransit or special transportation service to G.H. that provides comparable benefits to the fixed route system used by individuals without disabilities.

**36.** Specifically, on the fixed-route system, riders are not driven off the route and left stranded at another location.

37.   Defendants MV Transportation and Greater Peoria's conduct violated the ADA.

WHEREFORE, Plaintiff, as next friend of G.H., prays for judgment against Defendants MV Transportation and Greater Peoria, and an award of compensatory damages, punitive damages, attorneys' fees, costs, and for any additional relief that is just and proper.

### Count II – False Imprisonment
### Defendants Walker, MV Transportation, and Greater Peoria

38.   Plaintiff incorporates all paragraphs of this Complaint as though fully set forth herein.

39.   On June 4, 2019, Defendant Unknown MV Transportation Employee had the authority to transport G.H. from his home to the summer camp program. Defendant Unknown MV Transportation Employee did not have authority to transport G.H. and leave him at the Living Waters Church.

40.   Defendant Unknown MV Transportation Employee transportation of G.H. to the Living Waters Church was an unlawful restraint of G.H.'s personal liberty. During the transportation, G.H. was in a moving vehicle, which was an effective barrier preventing any escape.

41.   During the relevant time, Defendant Unknown MV Transportation Employee acted within the scope of his employment and/or agency with Defendants MV Transportation and Greater Peoria.

42.   The transportation of G.H. by Defendant Unknown MV Transportation Employee was not done solely in Defendant Unknown MV Transportation Employee's personal interest. Indeed, the transportation of G.H. in the CityLift vehicle furthered the interest of Defendants MV Transportation and Greater Peoria.

43. Defendants MV Transportation and Greater Peoria, as a result, are liable for Defendant Unknown MV Transportation Employee's actions under the legal theory of *Respondeat Superior*.

WHEREFORE, Plaintiff, as next friend of G.H., prays for judgment against Defendant Unknown MV Transportation Employee, MV Transportation, and Greater Peoria, and an award of compensatory damages, punitive damages, and for any additional relief that is just and proper.

### Count III – Intentional Infliction of Emotional Distress
### Defendants Unknown MV Transportation Employee, MV Transportation, Greater Peoria

44. Plaintiff incorporates all paragraphs of this Complaint as though fully set forth herein.

45. On June 4, 2019, Plaintiff arraigned for G.H. to be transported from his home to his summer camp by CityLift.

46. Defendant Unknown MV Transportation Employee, acting within the scope of their employment and/or agency with Defendants MV Transportation and Greater Peoria, picked G.H. up at his home.

47. Defendant Unknown MV Transportation Employee did not convey G.H. to his summer camp. Instead, Defendant Unknown MV Transportation Employee transported G.H. to the Living Waters Church and left him there.

48. G.H., who is a special needs child, was alone and in a strange place.

49. Defendant Unknown MV Transportation Employee's actions in abandoning a 15-year old special needs child at a closed church with no supervision was extreme and outrageous and beyond all possible bounds of decency.

50. By abandoning a 15-year old special needs child in a strange place, Defendant Unknown MV Transportation Employee either intended or should have known that there was a high probability that his conduct would inflict severe emotional distress upon G.H.

51. G.H. suffered emotional distress from being abandoned by the bus driver who was supposed to ensure he arrived at his summer camp safely.

52. During the relevant time, Defendant Unknown MV Transportation Employee acted within the scope of his employment and/or agency with Defendants MV Transportation and Greater Peoria.

53. The transportation of G.H. by Defendant Unknown MV Transportation Employee was not done solely in Defendant Unknown MV Transportation Employee's personal interest. Indeed, the transportation of M.M. in the CityLift vehicle furthered the interest of Defendants MV Transportation and Greater Peoria.

54. Defendants MV Transportation and Greater Peoria, as a result, are liable for Defendant Unknown MV Transportation Employee's actions under the legal theory of *Respondeat Superior*.

WHEREFORE, Plaintiff, as next friend of G.H., prays for judgment against Defendants Unknown MV Transportation Employee, MV Transportation, and Greater Peoria, and an award of compensatory damages, punitive damages, and for any additional relief that is just and proper.

### Count IV – Negligent Hiring and Retention of Defendant Unknown MV Transportation Employee by Defendant MV Transportation

55. Plaintiff incorporates all paragraphs of this Complaint as though fully set forth herein.

**56.** On or before June 4, 2019, Defendant Greater Peoria was in the business of providing transportation services within the City of Peoria and surrounding area. On or before June 4, 2019, Defendant Greater Peoria hired Defendant MV Transportation to provide personnel who would operate, drive, and/or control Defendant Greater Peoria's vehicles, including the CityLift buses.

**57.** On or before June 4, 2019, Defendant MV Transportation had a duty to investigate, hire, supervise, and/or retain agents, members, and/or employees who would provide rides and/or services to disabled individuals, including M.M., with a safe environment.

**58.** On or about June 4, 2019, Defendant Unknown MV Transportation Employee operated, drove, and/or controlled a CityLift bus.

**59.** On June 4, 2019, G.H. was a passenger on the CityLift bus being driven, operated, and/or controlled by Defendant Unknown MV Transportation Employee, who was the duly authorized agent and/or employee of Defendant MV Transportation.

**60.** On June 4, 2019, Defendant Unknown MV Transportation Employee unlawfully transported G.H. to Living Waters Church and not the summer camp program.

**61.** On, before, and subsequent to June 4, 2019, Defendant MV Transportation was negligent in one or more of the following ways:

    a.    Failed to properly, adequately, and thoroughly investigate, research, and/or conduct background checks on employees and/or agents of Defendant MV Transportation, that are expected to operate, drive, and/or control Defendant Greater Peoria's vehicles when it knew or should have known that Defendant MV Transportation has had previous employees improperly transport special needs passengers;

    b.    Failed to properly train, advise, direct, and/or supervise employees and/or agents of Defendant MV Transportation that are expected to operate, drive, and/or control Defendant Greater Peoria's vehicles in how

to provide passenger assistance when Defendant MV Transportation knew or should have known that Defendant MV Transportation has had previous employees and/or agents act inappropriately towards passengers while acting in the scope of their employment;

c.   Failed to recognize that Defendant Unknown MV Transportation Employee could pose a danger to passengers before allowing him to operate, drive, and/or control Defendant Greater Peoria's vehicles;

d.   Improperly allowed Defendant Unknown MV Transportation Employee to operate, drive, and/or control Defendant Greater Peoria's CityLift vehicle without first adequately screening Defendant Unknown MV Transportation Employee's employment and personnel history and thereby failed to discovery warning signs that Defendant Unknown MV Transportation Employee would act inappropriately to passengers;

e.   Improperly allowed Defendant Unknown MV Transportation Employee to operate, drive, and/or control Defendant Greater Peoria's CityLift vehicle without first performing adequate psychological or other testing to discover whether Defendant Unknown MV Transportation Employee would act inappropriately towards passengers;

f.   Failed to do an adequate background search of Defendant Unknown MV Transportation Employee.

**62.**   In light of the facts set forth in this Complaint, Defendant MV Transportation owed a duty to G.H. to act with reasonable case under all the circumstances. Defendant MV Transportation breached that duty.

**63.**   As a proximate cause of the aforementioned negligent acts and/or omissions of Defendant MV Transportation, G.H. has suffered and will continue to suffer injuries in the personal and pecuniary nature.

WHEREFORE, Plaintiff, as next friend of G.H., prays for judgment against Defendant MV Transportation, and an award of compensatory damages and for any additional relief that is just and proper.

**Count V – Negligent Supervision**
**Defendant Greater Peoria**

64. Plaintiff incorporates all paragraphs of this Complaint as though fully set forth herein.

65. On or before June 4, 2019, Defendant Greater Peoria was in the business of providing transportation services within the City of Peoria and surrounding area. On or before June 4, 2019, Defendant Greater Peoria hired Defendant MV Transportation to provide personnel who would operate, drive, and/or control Defendant Greater Peoria's vehicles, including the CityLift buses.

66. Defendant Greater Peoria was negligent in not adequately supervising Defendant MV Transportation, such that it had not sufficiently seen to the training and informing of paratransit personnel, or adequately seen to Defendant MV Transportation's training and informing of the personnel who would be operating, driving, and/or controlling Defendant Greater Peoria's vehicles so that the personnel would be duly informed about the paratransit policies and professional practices, including policies relating to the CityLift program.

67. Due to Defendant Greater Peoria's negligent supervision, Defendant Unknown MV Transportation Employee unlawfully abandoned a special needs child who was the care of the CityLift program at a closed church. As such, Defendant Greater Peoria's negligent supervision was the proximate cause of G.H.'s injury.

WHEREFORE, Plaintiff, as next friend of G.H., prays for judgment against Defendant Greater Peoria, and an award of compensatory damages and for any additional relief that is just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,
*/s/ Shawn W. Barnett*
One of the attorneys for Plaintiff
Attorney No. 6312312

<u>Hale & Monico, LLC</u>
Andrew Hale
Shawn W. Barnett
53 West Jackson, Suite 357
Chicago, IL 60604
(312) 870-6905